IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WAYNE THOMAS, an individual, | ) ) ) |
| Plaintiff, | ) Case No.: 4:18-cv-01732 ) ) |
| v. | ) ) |
| USRP TEXAS GP LLC, a Delaware Limited Liability Company, | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Plaintiff, WAYNE THOMAS, through his undersigned counsel, hereby files this Complaint and sues USRP TEXAS GP LLC, a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and Chapter 121 of the Texas Human Resources Code, Tex. Hum. Res. Code Ann. § 121.001 *et seq.*, and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (the "ADA"), and Tex. Hum. Res. Code Ann. § 121.001 *et seq.* This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because the Defendant's Property, which is the subject of this action, is located in Harris County, Texas.

3. Plaintiff, WAYNE THOMAS (hereinafter referred to as "MR. THOMAS" or

"Plaintiff"), is a resident of the State of Texas in Harris County.

4. MR. THOMAS is a qualified individual with a disability under the ADA. MR. THOMAS is paralyzed from the waist down. MR. THOMAS is a paraplegic and uses a wheelchair as his primary means of mobility.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities, such as walking and standing, and requires a wheelchair for mobility.

6. Defendant, USRP TEXAS GP LLC, a Delaware Limited Liability Company (hereinafter referred to as "Defendant"), is registered to do business in the State of Texas. Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," known as Weslayan Plaza, generally located at 5535 Weslayan Street and 4022 Bissonnet Street, Houston, Texas 77005.

7. All events giving rise to this lawsuit occurred in the Southern District of Texas.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9. The Property, a large shopping plaza, is open to the public and provides goods and services to the public. The plaza includes a Walgreens Pharmacy, Ross Dress for Less, Buffalo Grille Restaurant, Michael's Arts and Crafts, and numerous other stores.

10. Plaintiff lives close to the Property and has visited the Property. During those visits he attempted to utilize the goods and services offered at the Property and plans to return to the Property in the near future.

11. During his visit, MR. THOMAS experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12. MR. THOMAS continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

13. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

    A. Plaintiff encountered inaccessible parking designated for disabled use throughout the Property due to excessive slopes which caused him to use greater care when transferring to his wheelchair from his vehicle;

    B. Plaintiff personally encountered inaccessible parking designated for disabled use servicing Chuck E Cheese due to lack of access aisledue which caused him to use greater care when transferring to his wheelchair from his vehicle to prevent from tipping over;

    C. Plaintiff personally encountered inaccessible entrances at Daily Juice, Michael's Cookie Jar, Menchies, Buffalo Grill, and Ross due to lack of level landings and lack of pull side clearances, which caused him difficulty in opening the doors as he had to exercise extra caution to prevent falling

    backwards;

D. Plaintiff personally encountered inaccessible ramps on the designated accessible route to entrance of Ross, Walgreens, Daily Juice, Subway, and Buffalo Grill restaurant due to excessive slopes which caused him to use greater caution when traversing the ramps so as not to tip over;

E. Plaintiff personally encountered inaccessible ATM at Wells Fargo due to lack of landing area which caused him to use greater caution so as not to tip over; and

F. Plaintiff personally encountered inaccessible sink at Buffalo Grill due to pipe under sink being uninsulated which caused him to use greater caution to avoid hitting the pipe.

14. Upon information and belief, there are other current violations of the ADA and the ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be identified.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable,

structurally feasible and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## COUNT II
## (VIOLATION OF CHAPTER 121 OF THE TEXAS HUMAN RIGHTS CODE)

20. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

21. Chapter 121 specifically addresses the ability of people with disabilities to integrate fully into society. Chapter 121 states the policy of Texas "is to encourage and enable persons with disabilities to participate fully in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy and use all public facilities available within the state." Tex. Hum. Res. Code Ann. §121.001.

22. Chapter 121.003 (d)(1) prohibits any failure to comply with Article 9102 of the Texas Civil Statues, which is identical to the ADAAG.

23. Further, each violation of Chapter 121.004(b) provides for a conclusive presumption of damages of at least $100.00 to the person with a disability.

24. Defendant's barriers to access as discussed herein have denied and continue to deny, the Plaintiff the opportunity to equally participate in or benefit from the goods, services, and accommodations afforded to other individuals, thus violating Chapter 121.Tex. Hum. Res.

Code Ann, § 121.001, and entitling Plaintiff to injunctive and statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A. That the Court declare that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

F. That this Court issue a Declaratory Judgment that the Defendant has violated the Chapter 121 of the Texas Human Resources Code.

G. That this Court orders the Defendant to alter the aforesaid premises to make such facilities accessible to and usable by individuals with disabilities to the

   extent required by the Chapter 121 of the Texas Human Resources Code.

H.  That this Court award Plaintiff Statutory damages from the Defendant pursuant to Chapter 121 of the Texas Human Resource Code.

I.  That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

       By:  */s/ Louis I. Mussman*
         Louis I. Mussman
         Attorney-in-charge
         Florida Bar No. 597155
         S.D. TX No. 2274288
         Ku & Mussman, P.A.
         18501 Pines Boulevard, Suite 209-A
         Pembroke Pines, FL 33029
         Tel: (305) 891-1322
         Fax: (305) 891-4512
         Louis@KuMussman.com

         and

         Seth P. Crosland
         Local Counsel
         Texas Bar No.: 24069551
         S.D. TX No. 1504456
         Crosland Law Firm
         1848 Norwood Plaza, Suite 205B
         Hurst, Texas 76054
         Tel: (972) 591-6919
         Fax: (972) 408-0713
         seth@croslandlawfirm.com
         *Attorneys for Plaintiff*